**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| MICHAEL G. ROWE and LAB RAT PRODUCTIONS, INC., <br><br>                         Plaintiffs, <br><br>    - against - <br><br> DISCOVERY COMMUNICATIONS, LLC and DISCOVERY TALENT SERVICES, LLC, <br><br>                         Defendants. |

Case No.: 1:25-cv-04616-VSB-GWG

**STIPULATED DISCOVERY PLAN AND CONSENT MOTION TO
STAY ALL CASE DEADLINES PENDING DEFENDANTS' MOTION TO DISMISS**

In connection with Your Honor's Order for Conference Pursuant to Rule 16 (ECF No. 25), Plaintiffs Michael G. Rowe and Lab Rat Productions, Inc. (collectively, "**Plaintiffs**") and Defendants Discovery Communications, LLC and Discovery Talent Services, LLC (collectively, "**Defendants**" and together with Plaintiffs, the "**Parties**") hereby submit the Stipulated Discovery Plan attached hereto as **Exhibit A** and jointly move to stay all case deadlines pending resolution of Defendants' fully briefed motion to dismiss ("**Stipulated Plan and Consent Motion**"). Subject to the Court's approval, the Parties respectfully submit this Stipulated Plan and Consent Motion in lieu of a formal Proposed Scheduling Order. The Parties respectfully request that the Court (1) order that the Parties proceed with discovery pursuant to Exhibit A; (2) exercise its discretion to stay all other discovery and the scheduling of other non-discovery case deadlines; (3) adjourn the December 15, 2025 initial case management conference; and (4) reschedule such conference for a date that is at least three weeks after the Court rules on Defendants' Motion to Dismiss.

In support of this Stipulated Plan and Consent Motion, the Parties submit that the Court has "considerable discretion" to grant this type of relief. *See, e.g.*, *O'Sullivan v. Deutsche Bank*

1

*AG*, 2018 WL 1989585, at \*4 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, J.). And the Court can appropriately exercise such discretion here given the Parties' agreement that more expansive discovery need not proceed at this time. *See* Order, *Flex Mrktg. Grp., LLC v. Lapin*, No. 1:22-CV-06179-AT-GWG (S.D.N.Y. Sept. 13, 2022) (Gorenstein, J.), Dkt. No. 30 (granting plaintiff's application to stay discovery pending defendant's motion to dismiss and adjourning Rule 16 conference). As noted in the Parties' November 12, 2025 joint letter (ECF No. 49), the Parties have met and conferred numerous times regarding the appropriate scope of pretrial discovery pending resolution of Defendants' dispositive motion. The Parties agree that the discovery plan detailed in Exhibit A is sufficient at this stage of the litigation, and that the Parties' respective interests and resources will be best served by delaying the start of additional discovery until after the Court determines whether and to what extent Plaintiffs' claims survive dismissal. The Parties further agree that they will be best positioned to propose detailed discovery and other non-discovery deadlines after the Court's ruling, which will provide them with a better understanding of the remaining issues to be litigated and the scope of needed fact and/or expert discovery.

In the interest of judicial efficiency, both Parties reserve the right to request by appropriate motion a lift of this proposed stay should Defendants' Motion to Dismiss still be pending four months after entry of the Court's Order granting this Stipulated Plan and Consent Motion. The Parties agree to meet and confer prior to the filing of any such motion to lift the proposed stay.

For the avoidance of doubt, the Parties expressly state their agreement and understanding that nothing in this Stipulation, the provision for discovery in Exhibit A or any agreement to redaction or other limitation on disclosure of a document or information shall be construed to limit in any way the discovery any party may seek after the Court rules on Defendants' Motion to Dismiss, or if the four month stay period for which provision is made herein is not extended, and

that any discovery provided under Exhibit A or otherwise before that time shall not preclude any party from seeking other discovery on the same, similar or any other subjects at a later time in this case.  If the above requests and attached Stipulated Discovery Plan are acceptable to Your Honor, a So Ordered line is set forth below for the convenience of the Court.

Dated:  December 8, 2025                                Respectfully submitted,

                                                                    */s/ Richard J.J. Scarola*

                                                                    SCAROLA ZUBATOV SCHAFFZIN PLLC
                                                                    Richard J.J. Scarola
                                                                    Alexander Zubatov

                                                                    Scarola Zubatov Schaffzin PLLC
                                                                    620 Fifth Avenue, 2nd Fl.
                                                                    New York, NY 10020
                                                                    Tel: (212) 757-0007
                                                                    rjjs@szslaw.com
                                                                    az@szslaw.com

                                                                    *Attorneys for Plaintiffs*

                                                                    */s/ Theodore E. Tsekerides*

                                                                    WEIL, GOTSHAL & MANGES LLP
                                                                    Theodore E. Tsekerides

                                                                    Weil, Gotshal & Manges LLP
                                                                    767 Fifth Avenue
                                                                    New York, NY 10153
                                                                    Phone: (212) 310-8000
                                                                    Fax: (212) 310-8007
                                                                    theodore.tsekerides@weil.com

                                                                    WEIL, GOTSHAL & MANGES LLP
                                                                    Camilla Brandfield-Harvey

3

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
Fax: (650) 802-3100
camilla.brandfield-harvey@weil.com

*Attorneys for Defendants Discovery
Communications, LLC and Discovery Talent
Services, LLC*

Additionally, the parties shall file a letter on ECF within 7 days of the disposition of
the motion to dismiss proposing several mutually agreeable dates and times for the Rule 16
conference.
SO ORDERED.

_____
Honorable Gabriel W. Gorenstein
United States Magistrate Judge

December 9, 2025

**EXHIBIT A – Stipulated Discovery Plan**

The Parties stipulate that all discovery in this case shall be exchanged under an appropriate Confidentiality Agreement consistent with the terms of such agreements commonly entered by this Court as an Order upon stipulation of the parties.  The Parties shall submit a proposed Confidentiality Agreement to this Court for approval within 30 days of entry of the Court's Order granting the Parties' Stipulated Plan and Consent Motion.

The Parties agree that the discovery contemplated in Exhibit A does not require at present the need to discuss or file a proposed agreement regarding electronically stored information protocols.

The Parties shall otherwise conduct discovery under this Stipulated Discovery Plan in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York for civil proceedings.

Subject to the Court's approval and entry of an appropriate Confidentiality Agreement, Defendants will provide the below discovery to Plaintiffs within 45 days of entry of the Court's Order granting the Parties' Stipulated Plan and Consent Motion.

1. Subject to redaction of information Defendants deem in good faith to constitute commercially sensitive information that has no relevance to the issues in this litigation, and without prejudice to Plaintiff's' right to contest whether those redactions should be permitted, all agreements, renewal agreements, or amendment agreements Defendants (or either of them) entered into or which were in effect at any time from January 1, 2020 to the present, with the following entities:

   a. Charter (Spectrum)

   b. Comcast (Xfinity)

    c.  DirecTV

    d.  YouTube TV

    e.  Vidgo

    f.  Philo

    g.  Mediacom

    h.  Hulu + Live TV

For the avoidance of doubt, this production shall include any agreements, renewals, or amendments entered into prior to January 1, 2020 to the extent those agreements, renewals, or amendments were in effect at any time from January 1, 2020 to the present.

2. Documents supplementing the information Defendants have heretofore provided to Plaintiffs sufficient to show the basis for and calculation of Defendants' payments to Plaintiffs relating to (1) linear distribution of *Dirty Jobs* by any Multichannel Video Programming Distributor ("**MVPD**") or virtual MVPD ("**vMVPD**") (including all ratings calculation airings) and (2) all viewings of *Dirty Jobs* through a Discovery app (including viewings accessed through HBO Max or discovery+ via an MVPD or vMVPD) or any other third party.

3. A list of the names of all MVPDs, vMVPDs and other third parties in the United States to which defendants have given access to any episodes of *Dirty Jobs* pursuant to an agreement that allows such MVPD, vMVPD or other third party to make any such *Dirty Jobs* episodes available to their customers and/or subscribers for viewing on demand in any way (whether in connection with advertising, by subscription, for free or in any other way) at any time

during the period January 1, 2020 to the present.  This list shall indicate (1) whether these entities have provided access to episodes of *Dirty Jobs* directly, via a Discovery app, or both and (2) the period of time during which these entities had/have provided such access to episodes of *Dirty Jobs*.

For the avoidance of doubt, this list shall include such entities and access provided at any time during the period January 1, 2020 to the present even if the pertinent agreement was entered into prior to January 1, 2020.

4. Subject to redaction of information Defendants deem in good faith to constitute commercially sensitive information that has no relevance to the issues in this litigation, and without prejudice to Plaintiff's' right to contest whether those redactions should be permitted, Defendants' December 2023 Subscription Video On Demand ("**SVOD**") Agreement with Hulu; Defendant's October 2024 SVOD Agreement with Hulu; and Defendant's April 2024 SVOD Agreement with Netflix.