UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL G. ROWE et al.,                                :

              Plaintiffs,                             :        CONFIDENTIALITY ORDER

-v.-                                                                  :

                                                   25 Civ. 4616 (VSB) (GWG)

DISCOVERY TALENT SERVICES, LLC et al.,    :

              Defendants.                          :
-------------------------------------------------------------X

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

## I.    GENERAL PROVISIONS

1. <u>Scope</u>.    This Confidentiality Order governs the general use of all material designated as "Confidential" or "Highly Confidential Attorney's Eyes Only" under this Confidentiality Order ("Protected Material").    Any use of Protected Material at trial shall be governed by a separate agreement or order.    The protections conferred by this Confidentiality Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material.    However, the protections conferred by this Confidentiality Order do not cover the following information: (a) any non-confidential information that is in the public domain at the time of its disclosure to the party that received it ("Receiving Party") or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Confidentiality Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to its disclosure or obtained by the Receiving Party after its disclosure from a source

who obtained the information lawfully and under no obligation of confidentiality to the party that produced the material ("Producing Party").

2. <u>Non-Individual Parties and Non-Parties</u>.  The obligations under this Confidentiality Order of any party or non-party that is not an individual shall apply equally to any officers, directors, principals, and other employees acting on behalf of such entity.

3. <u>Limited Purpose</u>.  Unless otherwise agreed to by the parties or further ordered by the Court, Protected Material may be used only in this action, and may not be used in any other action, proceeding, arbitration, or for any other purpose.

4. <u>Designation of Protected Material</u>.  A Producing Party designating discovery material as Confidential or Highly Confidential Attorney's Eyes Only shall mark each page of the document containing such material as "Confidential" or "Highly Confidential Attorney's Eyes Only."  If all or a portion of written discovery responses are entitled to protection under this Confidentiality Order, then the entire response may be designated as "Confidential" or "Highly Confidential Attorney's Eyes Only"; provided, however, that following service of such responses and upon request of the Receiving Party, the parties (and non-parties, to the extent applicable) will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

5. <u>Permissible Designations</u>.  A party may designate material as "Confidential" only if the material would be appropriately subject to such a restriction under case law governing protective orders issued under Fed. R. Civ. P. 26(c).  A party may designate material as "Highly Confidential Attorney's Eyes Only" only if the material would be appropriately subject to such a restriction under case law governing protective orders issued under Fed. R. Civ. P. 26(c).

6.  <u>Process for Challenging Designations or Non-Designations</u>.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to trial serve upon counsel for the Producing Party a written notice stating the grounds of the objection or request and identifying the documents or category of documents at issue.  The parties (and non-parties, to the extent applicable) shall meet and confer to discuss the objection or request as soon as practicable.  If the parties cannot reach an agreement as to the designation, the objecting or requesting party may make an application in accordance with paragraph 2.A of the Court's Individual Practices challenging the designation.  The Producing Party shall bear the burden of proving that the designated material is properly designated.  Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the Producing Party.

## II.    DISCLOSURE OF PROTECTED MATERIAL

1.  <u>Generally</u>.  Any person subject to this Confidentiality Order who receives from any other person any Protected Material shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

2.  <u>Confidential Material</u>.  No person subject to this Confidentiality Order other than the Producing Party shall disclose any discovery material designated by the Producing Party as "Confidential" to any other person, except to:

a.  the parties to this action;

b.  the parties' internal counsel, and their legal, investigative, technical, administrative, and other support staff, acting on behalf of a corporate party to the action;

3

c. the parties' outside counsel retained in connection with this matter, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

d. any person whom the Confidential Material itself indicates, or the Receiving Party otherwise has a good faith basis to believe, was an author, creator, producer, addressee, source, or recipient of the material; and any person whose statements, communications, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

e. any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the action and to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f. any person retained by or on behalf of a party to serve as an expert witness or consultant or to otherwise provide specialized advice to outside counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g. stenographic reporters, videographers, and their respective staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

h. the Court and its support personnel;

i. any current employee of the Producing Party; and

j.  any mediator or other presiding officer during alternative dispute resolution proceedings in which the parties have agreed to participate.

3.  <u>Highly Confidential Attorney's Eyes Only Material</u>.    Notwithstanding the foregoing paragraph, no person subject to this Confidentiality Order, other than the Producing Party, shall disclose any discovery material designated by the Producing Party as "Highly Confidential Attorney's Eyes Only" to any other person, except to:

a.  the parties' outside counsel retained in connection with this matter, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

b.  any person whom the Highly Confidential Attorney's Eyes Only Material itself indicates was an author, creator, producer, addressee, source, or recipient of the material; and any person whose statements, communications, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

c.  a witness testifying at a deposition, hearing, or trial, provided that one of the following conditions are met:

i.  the witness is an officer or designee testifying on behalf of the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6), and the examining party has a good-faith basis to believe that person has knowledge of information in the material or the material's subject matter;

ii.  the witness is a current employee of the Producing Party;

iii.  the witness is a former employee of the Producing Party, and the examining party has a good-faith basis to believe the witness has or had lawful access

to the specific material to be disclosed (but only to the extent the material was created during the time of such former employee's employment by the Producing Party, and the examining party has a reasonable basis to believe that the former employee knew or had access to the information in the material during the term of his employment with the Producing Party); or

   iv.  the person is otherwise permitted access under this Paragraph.

   v.  Absent any of these circumstances or order of the Court, the party wishing to use Highly Confidential Attorney's Eyes Only Material in an examination of a witness must obtain prior consent from the Producing Party.

d.  any person retained by or on behalf of a party to serve as an expert witness or consultant or to otherwise provide specialized advice to outside counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

e.  stenographic reporters, videographers, and their respective staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

f.  any other person whom the Producing Party agrees in writing may have access to such Discovery Material;

g.  the Court and its support personnel; and

h.  any mediator or other presiding officer during alternative dispute resolution proceedings in which the parties have agreed to participate.

### III.    USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

1. Advice to Clients.  This Confidentiality Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this matter from conveying to the client the attorney's evaluation in a general way of Protected Material produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Material produced by another party if such disclosure would be contrary to the terms of this Confidentiality Order.

2. Depositions.  With respect to deposition transcripts, a Producing Party may designate a portion as "Confidential" or "Highly Confidential Attorney's Eyes Only" either by (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential Attorney's Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony (consisting of the question and the answer) in a separate volume and mark it as "Confidential or Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as "Confidential" or "Highly Confidential Attorney's Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated as "Highly Confidential Attorney's Eyes Only."

3.  <u>Filings</u>.  All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal (highlighting any redactions) and kept under seal until further order of the Court.  The parties will use their best efforts to minimize such sealing.  In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.  However, the Court retains unfettered discretion regarding whether to afford confidential treatment to any Protected Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

4.  <u>Public Hearings</u>.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Material introduced in evidence at public hearings in this matter, even if such material has previously been sealed or designated as Confidential or Highly Confidential Attorney's Eyes Only.  Any party that seeks to use Protected Material at a public hearing that a Producing Party has designated as Confidential or Highly Confidential Attorney's Eyes Only shall meet and confer with the Producing Party prior to the hearing to consider whether protections, such as redactions, limiting public-facing screens, or not quoting the Protected Material into the public record, can resolve any confidentiality concerns.  To the extent the parties cannot reach an agreement, the party seeking to use the Protected Material shall submit a letter-motion to the Court explaining its need to show the Protected Material publicly and any proposed protections that would be in place to safeguard the Protected Material.  Unless and until the Court rules that the party may use material that the Producing Party has designated as Confidential or Highly Confidential

Attorney's Eyes Only at a public hearing, such disclosure will not be allowed.  As stated above, any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.   REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

1.   <u>Generally</u>.   Each person who has access to Protected Material that has been designated as Confidential or Highly Confidential Attorney's Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

2.   <u>Procedure Upon Discovery of Unauthorized Disclosure</u>.   Any party or non-party (or counsel to any party or non-party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Confidentiality Order shall promptly give notice to the Producing Party of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure.   Upon receipt of such notice, the Producing Party may seek such relief as is appropriate.   In any event, the party or non-party that made the unauthorized disclosure shall immediately use its best efforts to retrieve such information and to prevent further disclosure.

## V.   PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

1.   <u>No Waiver</u>.   The production of Protected Material without a designation as Confidential or Highly Confidential Attorney's Eyes Only Material shall not by itself be deemed to constitute a waiver of any subsequent claim of protection as to the confidential nature of any such material.

2.   <u>Procedure for Correcting Non-Designation or Changing Designation</u>.   Upon a Producing Party's discovery that its information was not correctly designated, that Producing Party shall provide notice to the other parties that the information was inappropriately designated.  The Producing Party shall then have 15 business days in which to re-designate the

information and produce a replacement copy of the re-designated discovery material with the appropriate confidentiality marks.  As applicable, the material shall be produced with an overlay load file referencing the original Bates number and including a metadata field indicating the confidential status of the document.  If the reproduced material is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number.  If an inadvertently-omitted Confidential or Highly Confidential Attorney's Eyes Only designation is first claimed by the Producing Party during the course of a deposition, hearing, or proceeding in which such Protected Material is disclosed as though no designation had been made, it must be treated immediately going forward as though that Confidential or Highly Confidential Attorney's Eyes Only designation had been previously made.  The Producing Party of such Protected Material shall then have 15 business days in which to re-designate the information and produce a replacement copy of the re-designated material with the appropriate confidentiality marks.

3.  <u>Obligations of Receiving Party Upon Re-Designation</u>.  Upon notice that any Protected Material has not been appropriately designated and upon receipt of the re-produced material with the appropriate confidentiality marks, the Receiving Party shall return or destroy all incorrectly marked Protected Materials.  Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation.  The Receiving Party shall thereafter treat the material consistent with the designated level of confidentiality.  No Receiving Party is deemed to violate this Confidentiality Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation.  If such

Protected Material became a part of the public record prior to notice of a request to change its designation, it is the responsibility of the Producing Party who changed the material's designation to move the Court for appropriate relief.

## VI.   PRODUCTION OF PRIVILEGED OR OTHER MATERIAL IMMUNE FROM DISCOVERY

1. <u>No Waiver</u>.  The production of privileged or work-product protected documents, electronically stored information ("**ESI**"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).  The term "privilege" or "privileged" as used in this Confidentiality Order means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity against disclosure recognized by law.

2. <u>Procedure Upon Discovery of Privileged Production</u>.  If the Producing Party becomes aware that it has produced privileged or work-product protected documents, ESI, or information, the Producing Party will promptly notify the Receiving Party in writing of the production and the basis of the privilege being asserted.  The obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and other applicable ethical rules.  The Producing Party retains the burden of establishing the privileged or protected nature of any information.

## VII.   CONCLUSION OF LITIGATION

1. <u>Survival</u>.  This Confidentiality Order shall survive the termination of this action, and this Court shall retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

2.  <u>Destruction of Documents Upon Termination</u>.  Within forty-five (45) calendar days of the final disposition of this action, all discovery material designated as Confidential or Highly Confidential Attorney's Eyes Only, and all copies thereof, shall be promptly returned to the Producing Party or destroyed.  This obligation does not extend to data stored on enterprise data back-up systems which store and delete data for emergency back-up purposes only, so long as such data is subject to a periodic and automatic destruction policy.  This obligation also does not apply to the Court.

3.  <u>Permitted Retention of Documents</u>.  Notwithstanding the above requirements to return or destroy documents, Counsel of Record may retain (1) attorney work product and (2) a complete set of all documents filed with the Court, including those filed under seal.

## VIII.    MODIFICATIONS AND EXCEPTIONS

1.  <u>Process</u>.  The parties may, by written stipulation, provide for exceptions to this Confidentiality Order, and any party may seek an order of this Court modifying this Confidentiality Order.

SO ORDERED:

Dated:  January 14, 2026

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

12

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MICHAEL G. ROWE and LAB RAT PRODUCTIONS, INC., <br><br>       Plaintiffs, <br><br>    - against - <br><br> DISCOVERY COMMUNICATIONS, LLC and DISCOVERY TALENT SERVICES, LLC, <br><br>       Defendants. | Case No.: 1:25-cv-04616-VSB-GWG <br><br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Confidentiality Order in this Action governing the non-disclosure of those portions of discovery material that have been designated as Confidential or Highly Confidential Attorney's Eyes Only. I agree that I will not disclose such Protected Material to anyone other than for purposes of this Action, and that at the conclusion of the Action, I will return all discovery information to the party or attorney from whom I received it or destroy it. By acknowledging these obligations under the Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Confidentiality Order could subject me to punishment for contempt of Court.


Dated: _____

13