UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL G. ROWE and
LAB RAT PRODUCTIONS, INC.,

                          *Plaintiffs*,

          v.

DISCOVERY COMMUNICATIONS, LLC and
DISCOVERY TALENT SERVICES, LLC,

                          *Defendants*.

1:25-cv-04616-VSB-GWG

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO FILE SUPPLEMENTAL COMPLAINT

SCAROLA ZUBATOV SCHAFFZIN PLLC
620 Fifth Avenue, 2nd Floor
New York, NY  10020
Tel.:  (212) 757-0007
*Attorneys for Plaintiffs*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

*Preliminary Statement* ................................................................................................1

*Statement of Facts*................................................................................................2

*Argument*.................................................................................................................5

*Conclusion* ...........................................................................................................7

*Certification Pursuant to S.D.N.Y. L.R. 7.1(c)* ...................................................8

TABLE OF AUTHORITIES

**Cases**

*Bright v. Annucci*,
  No. 18 CIV. 11111 (NSR), 2023 WL 5803648 (S.D.N.Y. Sept. 6, 2023) ................................... 6

*Cohen v. U.S.*,
  No. 23-CV-08099-NSR-VR, 2025 WL 2611680 (S.D.N.Y. Sept. 9, 2025),
  *reconsideration denied,* No. 23-CV-08099-NSR-VR, 2025 WL 3538597
  (S.D.N.Y. Dec. 10, 2025) ................................................................................................. 6

*Friedman v. Typhoon Air Conditioning Co.,*
  31 F.R.D. 287 (E.D.N.Y. 1962) ...................................................................................... 5

*Natl. Credit Union Administration Bd. v. HSBC Bank US, Natl. Assn.,*
  331 F.R.D. 63 (S.D.N.Y. 2019) ...................................................................................... 6

*Quaratino v. Tiffany & Co.,*
  71 F.3d 58 (2d Cir. 1995) ............................................................................................... 5

*Ruotolo v. City of New York,*
  514 F.3d 184 (2d Cir. 2008) ........................................................................................... 6

*Witkowich v. Gonzales,*
  541 F. Supp. 2d 572 (S.D.N.Y. 2008) ............................................................................ 5

**Rules**

Fed. R. Civ. P. 15 .............................................................................................................. *passim*

Plaintiffs, by their counsel Scarola Zubatov Schaffzin PLLC, submit this Memorandum of Law in support of their motion made pursuant to Fed. R. Civ. P. 15(d) to file a Supplemental Complaint in this case in the form attached as Exhibit A to the accompanying Declaration of Richard J.J. Scarola, dated February 3, 2026 ("Scarola Decl.").

*Preliminary Statement*

Plaintiff moves, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, for leave to file a Supplemental Complaint in the form of Scarola Decl., Ex. A to allege events, conduct and a claim for relief that occurred and arose after the filing of the original Complaint (Dkt. 1). The proposed supplemental allegations and claim arise out of the same nucleus of operative facts — in particular, including the same agreement among the parties — as the claims in the Complaint. Specifically, as further discussed below, the new allegations and claim arise from a new, discrete breach of certain "joint control" provisions appearing at §21 of the parties' agreement, attached as Scarola Decl., Ex. B ("Agreement"), which recurred last month with new and discrete damages not previously alleged in the amount of $1,147,500. Prior breaches of those same provisions are already the subject of the Complaint. *See* Dkt. 1, ¶¶26, 29, 86, 88, 96 & 99. As such, the new conduct at issue, as further described below, is plainly connected to the original pleading, as required for a motion to supplement, and also need to be alleged separately to obtain relief.

As described in the *Argument* below, Rule 15(d) is intended to promote judicial economy and the just, speedy and inexpensive resolution of disputes by permitting parties to update their pleadings to reflect subsequent events. Courts in this Circuit construe the Rule liberally, granting leave absent a defendant being able to show undue delay, bad faith, prejudice or futility. None of

those considerations are present here.  Accordingly, plaintiffs' motion should be granted.

Plaintiffs, through counsel, have asked if defendants would consent to the filing of the proposed Supplemental Complaint on December 29, 2025, and in additional communications since then but have not been given defendants' consent (or definitive reply), and accordingly make their motion to avoid further delay.[1]  *See* Scarola Decl., ¶5.

*Statement of Facts*

As alleged in the Complaint, plaintiff Mike Rowe is the creator and host of the popular television show *Dirty Jobs*.  Rowe and his company, Lab Rat Productions, Inc. (together, "Rowe"), brought this action against Defendants Discovery Communications, LLC and Discovery Talent Services, LLC (collectively, "Discovery") for breach of the Agreement that ensures Rowe's ongoing participation in decision-making and revenue-sharing from all exploitation of *Dirty Jobs*.

The Complaint, filed by plaintiff on June 2, 2025, alleges, among other things, that Discovery has failed to account to and pay Rowe and to honor Rowe's right to joint control.  *See generally* Dkt. 1.  Among the breaches most related to the proposed Supplemental Complaint, the original Complaint alleges, for example, that Discovery licensed Dirty Jobs to various third-party carriers that offer subscription video-on-demand ("SVOD") to consumers, *see* Dkt. 1, ¶¶83-84,

---

[1] On August 4, 2025, defendants made a motion to dismiss the Complaint.  *See* Dkt. 20. Plaintiffs filed their opposition papers on September 19, 2025, *see* Dkt. 40, and defendants filed their reply papers on October 10, 2025, *see* Dkt. 43, such that the motion has been fully submitted.  Although plaintiffs believe there is every reason they will prevail on that motion, nothing about the outcome of that motion would in any way bear upon the merits of the allegations or claim raised here, and as the express text of Fed. R. Civ. P. 15(d) and caselaw cited in the *Argument* below make clear, a motion to supplement may be granted even where an original complaint does not state a valid claim.

and not only failed to account to Rowe by failing to pay the 50% share of its receipts derived from such licensing, to which Rowe was entitled pursuant to Agreement §22, *see* Dkt. 1, ¶85, but also breached Agreement §21, which requires Discovery to obtain Rowe's prior written consent before proceeding with such licensing.  *See* Dkt. 1, ¶¶86 & 88.

Specifically, the Agreement provides at that §21 (titled "Joint Control of Certain Exploitation") that Rowe and Discovery shall have joint control over certain exploitation of *Dirty Jobs* in a "Joint Control" provision that provides as follows:

"In exercising Joint Control, the following shall be applicable:

"i.      Prior to entering into any agreements where Lab Rat's Joint Control right would apply, and promptly upon determining that the Program could be exploited in a way that would require Lab Rat's approval pursuant to its Joint Control rights, DCL will contact Lab Rat and (1) provide Lab Rat with a written summary of the proposed opportunity (including disclosure of any DCL-related parties involved), (2) provide Lab Rat with a reasonable opportunity to either approve or reject the opportunity as it relates to the Program, and (3) seek Lab Rat's written consent before entering into any written agreement regarding the opportunity. In the event that Lab Rat does not provide its written consent authorizing DCL to proceed with the opportunity as it relates to the Program, DCL may not proceed. Notwithstanding Lab Rat's Joint Control right, Lab Rat does not have the right to lead, directly or indirectly, or participate in the underlying third-party negotiations directly with the third-party without DCL's permission.

"ii.     Notwithstanding Lab Rat's Joint Control Right, DCL shall have the right to engage in preliminary negotiations regarding the exploitation of various product services and offerings for which Lab Rat has Joint Control.

"iii.    For purposes of this Paragraph, DCL shall provide notice of all matters to which Lab Rat has Joint Control to the address set forth above in the notices for Lab Rat."

Scarola Decl., Ex. B, §21.

Since the filing of the Complaint, Discovery has further breached the parties' Agreement and also a further specific agreement obtained by defendants from plaintiffs in accordance with

3

the joint control provisions.  The conduct alleged in the proposed Supplemental Complaint and summarized below had not occurred and thus was not known to Rowe at the time the original pleading was filed and, therefore, could not have been included.  *See* Scarola Decl., ¶4.

Specifically, as alleged in the proposed Supplement Complaint, in or around early April 2024, Discovery approached Rowe about a possible agreement with Netflix to license Dirty Jobs to Netflix for two years (four seasons / 109 episodes), with a fee of $45,000 per episode to be split 50/50 between Discovery and Rowe.  *See* Scarola Decl., Ex. A, ¶4.  Rowe agreed to those specific terms, and Discovery and Netflix then likewise reached agreement upon those terms. *See id.*, ¶¶5 & 7.  Discovery and Rowe also agreed for Discovery to remit payments to Rowe in conjunction with this deal on the following payment schedule, as outlined in an email from Discovery:

> "1. Payment for Netflix S1 and S2: $1,305,000.  Please send an invoice dated January 1, 2025, and we will pay within 30 days.
>
> "2. Payment for Netflix S3 and S4: $1,147,500.  Please send an invoice dated January 1, 2026, and we will pay within 30 days."

*Id.*, ¶6.  While Discovery paid Rowe for the first year of the Netflix deal, when Rowe recently requested payment for the second year on the terms stated above, Discovery advised Rowe that it — without obtaining Rowe's consent, whether written or otherwise, to any amendment as required under Agreement §21 — had amended its own agreement with Netflix to remove the second year of exploitation of *Dirty Jobs*.  *See id.*, ¶¶12-13.  Accordingly, Discovery has refused to pay Rowe the agreed-upon $1,147,500 due in conjunction with that second year of exploitation.  *See id.*, ¶14.

This is an unambiguous breach of Agreement §21 and the parties' further agreement as to the specific two-year Netflix license, and the proposed Supplemental Complaint asserts that

4

breach. *See id.*, ¶¶17-19.

*Argument*

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Notably, although plaintiffs are confident that their original Complaint survives defendants' motion to dismiss that has been fully briefed by the parties, Rule 15(d) also expressly provides that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."  Thus, the rule explicitly allows supplementation even when the original pleading fails to state a valid claim, providing courts with broad discretion to permit supplemental pleadings.  *See, e.g., Friedman v. Typhoon Air Conditioning Co.*, 31 F.R.D. 287, 290 (E.D.N.Y. 1962) ("Under the liberal view of supplemental pleadings espoused in this Circuit, a supplemental complaint should be allowed in the interests of judicial economy and the speedy disposition of cases, if the defendant is not prejudiced, as where its rights on the merits are as well protected by trial on a supplemental complaint as by trial in a new action, notwithstanding the fact that the original complaint may have failed to allege a cause of action").

The Second Circuit has established that "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).  Courts "normally grant[]" leave to supplement "especially when the opposing party is not prejudiced by the supplemental pleading." *Id.*  The district courts in New York have consistently held that "Rule 15(d) reflects 'a "liberal policy favoring a merit-based resolution of the entire controversy between the parties."'" *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008).

5

"A district court has 'broad discretion' in determining whether to grant leave to supplement pleadings under Rule 15(d)." *Cohen v. U.S.*, No. 23-CV-08099-NSR-VR, 2025 WL 2611680, at *2 (S.D.N.Y. Sept. 9, 2025), *reconsideration denied,* No. 23-CV-08099-NSR-VR, 2025 WL 3538597 (S.D.N.Y. Dec. 10, 2025).  The threshold consideration for courts evaluating motions under Rule 15(d) is "whether the supplemental facts connect the supplemental pleading to the original pleading." *Id.*  A supplemental pleading must allege facts "connected to the original pleading" and is "designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings." *Bright v. Annucci*, No. 18 CIV. 11111 (NSR), 2023 WL 5803648, at *3 (S.D.N.Y. Sept. 6, 2023).

Here, as described in the *Statement of Facts* above, the proposed Supplemental Complaint clearly meets this requisite threshold standard, as it asserts Discovery's recent breach of the very same joint control provision appearing in Agreement §21 that already constitutes part of the breaching conduct raised by Rowe's original Complaint.

Moreover, none of the grounds on which a supplemental pleading should be rejected are present here.  "Absent 'undue delay, bad faith, dilatory tactics, and undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted.'" *Natl. Credit Union Administration Bd. v. HSBC Bank US, Natl. Assn.*, 331 F.R.D. 63, 69 (S.D.N.Y. 2019).  "The 'burden is on the non-moving party to demonstrate the existence of such grounds.'" *Id.*  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Here, given the recently arising nature of the conduct at issue, as described in the *Statement of Facts* above, the fact that it constitutes a breach of a provision already implicated by

6

the conduct alleged in the Complaint and the fact that discovery in this case has barely begun, there can be no possible issue of delay or prejudice.  Indeed, the claim alleged in the Supplemental Complaint could be brought now in a separate action, and such action would be almost surely referred to this Court as a related case and consolidated with this litigation. Further, given the unambiguous nature of this breach, there is no plausible issue of futility raised by the Supplemental Complaint.  As such, this motion should be granted.

*Conclusion*

For the foregoing reasons, Rowe respectfully requests that the Court grant leave to file the proposed Supplemental Complaint pursuant to Rule 15(d), together with such other and further relief as the Court deems just and proper.

Dated:  February 3, 2026
        New York, New York

SCAROLA ZUBATOV SCHAFFZIN PLLC


By _____/s/ Richard J.J. Scarola_____
            Richard J.J. Scarola
            Alexander Zubatov
    *Attorneys for Plaintiffs*
    620 Fifth Avenue, 2nd Fl.
    New York, NY  10020
    Tel.:  (212) 757-0007

7

**CERTIFICATION PURSUANT TO S.D.N.Y. L.R. 7.1(c)**

I, Richard J.J. Scarola, an attorney duly admitted to practice law before the courts of the State of New York, hereby certify that this Memorandum of Law complies with the word count limit set forth in S.D.N.Y. Local Rule 7.1(c), because it contains 2,057 words, excluding the parts exempted by the rule.  In preparing this certification, I have relied on the word count of the word-processing system used to prepare this Memorandum of Law.

Dated:  February 3, 2026
New York, New York

_____/s/ Richard J.J. Scarola_____
Richard J.J. Scarola

8